UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUCAS CRUZ,

                                          1:20-cv-5734 (DF)

                          Plaintiff,

                     -against-

HARLEM GROUP DR CORP. d/b/a BRONX DRAFTHOUSE. ALFREDO ANGUEIRA JR., and RAMON MARTINEZ,

                        Defendants.
------------------------------------------------------------------------X

## WAGE CLAIMS SETTLEMENT AGREEMENT AND RELEASE

      This Agreement and Release (hereinafter the "Wage Claims Settlement Agreement") is made and entered into by and between Plaintiff Lucas Cruz ("Plaintiff") and Defendants Harlem Group DR. Corp. d/b/a Bronx Drafthouse, Alfredo Angueira Jr., and Ramon Martinez (collectively the "Defendants") (hereinafter Plaintiff and the Defendants shall collectively be referred to herein as the "Parties").

      **WHEREAS**, on July 23, 2020, Plaintiff commenced a lawsuit against Defendants by filing a Complaint in the United States District Court for the Eastern District of New York (the "Court") entitled *Lucas Cruz v. Harlem Group DR Corp. d/b/a Bronx Drafthouse, Alfredo Angueira Jr., and Ramon Martinez*, Case No. 1:20-cv-05734 (VEC) (DF) (the "Action"); and

      **WHEREAS**, the Complaint set forth allegations for violations of (a) the Fair Labor Standards Act ("FLSA"); and (b) the New York Labor Law (the "NYLL"), including but not limited to the New York Wage Theft Protection Act (the "WTPA") (collectively, the "Wage Claims");

      **WHEREAS**, on October 30, 2020, Defendants interposed an Answer denying the material allegations of fact or law asserted in the Complaint;

      **WHEREAS**, this matter was referred to mediation by Order of the Court on November 10, 2020. The Parties mediated this matter on December 18, 2020;

      **WHEREAS,** in order to avoid the costs and uncertainties of litigation, without the admission of liability, the Parties have determined to resolve the Wage Claims;

**WHEREAS**, for purposes of this Agreement, the "Defendant" who is responsible under this Agreement for the payment of the settlement sums is Defendant Harlem Group DR Corp. d/b/a Bronx Drafthouse. For purposes of clarity, where the Agreement refers to "Settling Defendant" it is referring to the Defendant responsible for the payment pursuant to this Agreement and does not include defendants "Alfredo Angueira, Jr." and "Ramon Martinez";

**WHEREAS**, the defendants, Alfredo Angueira, Jr., Ramon Martinez and Harlem Group DR Corp. d/b/a Bronx Drafthouse are hereby dismissed from the action with prejudice upon receipt by Plaintiff of the settlement amount;

**NOW THEREFORE**, in consideration of the mutual covenants, undertakings and promises set forth in this Agreement, and for other good and valuable consideration provided for herein, the receipt and adequacy of which are hereby acknowledged, the Parties hereto agree to settle the Wage Claims on the following terms and conditions:

1. **Recitals**. The foregoing paragraphs are true, accurate and hereby incorporated by this reference.

2. **Court Review and Approval of the Wage Claims Settlement Agreement; Final Order of Dismissal; Effective Date**.

    (a) The Parties will work together in good faith to expeditiously file a joint application to the Court seeking (i) review and approval of the terms set forth in this Wage Claims Settlement Agreement; and (ii) the issuance of a Final Order of Dismissal of the Federal Action with prejudice as against all Defendants, Harlem Group DR Corp. d/b/a Bronx Drafthouse, Alfredo Angueira Jr., and Ramon Martinez (the "Final Order of Dismissal").

    (b) This Wage Claims Settlement Agreement shall become effective upon (i) the full execution by the Parties of this Wage Claims Settlement Agreement; (ii) the Settling Defendant depositing the total settlement amount of Twenty-Six Thousand Dollars and Zero Cents ($26,000) in Moritt, Hock & Hamroff LLP's escrow account (the "Escrow Amount"), which shall occur prior to the Parties' submission of this Agreement to the Court; (iii) the clearing of the Escrow Amount; and (iv) final approval of this Agreement by the Court (the "Effective Date"). Release of the Escrow Amount to Plaintiff's counsel shall occur within ten (10) days of the Effective Date.

3. **Consideration**. Upon approval of the Wage Claims Settlement Agreement by the Court:

    (a) In consideration for the promises made herein by Plaintiff, and the dismissal of the Action with prejudice in a Stipulation of Dismissal with Prejudice, as set forth in paragraph 6 below, Drafthouse shall pay the total sum of Twenty-Six Thousand Dollars and Zero Cents ($26,000.00) (the "Wage Claims Settlement Amount"), which is inclusive of all attorneys' fees and costs incurred by Plaintiff;

    (b) Payment of the Wage Claims Settlement Amount shall be made in three (3) checks, payable as follows:

2

2453124v1

      i. to "Lucas Cruz" in the amount of Eight Thousand Five Hundred and Thirty-Three Dollars and Thirty-Four Cents ($8,533.34), less applicable withholdings. (The Parties agree that this portion of the Wage Claims Settlement Amount is for wages);

      ii. to "Lucas Cruz" in the amount of Eight Thousand Five Hundred and Thirty-Three Dollars and Thirty-Three Cents ($8,533.33), not subject to withholdings. (The Parties agree that this portion of the Wage Claim Settlement Amount is for liquidated damages); and

      iii. to "Pechman Law Group PLLC" in the amount of Eight Thousand Nine Hundred and Thirty-Three Dollars and Thirty-Three Cents ($8,933.33), representing attorney's fees and costs; and

Plaintiff shall complete and provide Forms W-4 and W-9 to the Settling Defendant in connection with the payment of the Wage Claims Settlement Amount. Pechman Law Group PLLC shall complete and provide a Form W-9 to the Settling Defendant. The Settling Defendant shall issue a Form W-2 to Plaintiff in connection with the payment for wages and a Form 1099 to Plaintiff in connection with the payment of the liquidated damages. For income tax reporting purposes, the amount paid to Pechman Law Group PLLC will be allocated proportionately to the Forms W-2 and 1099 issued to the Plaintiff. The Settling Defendant shall also issue a Form 1099 to Pechman Law Group PLLC in connection with the payment of attorneys' fees and costs.

      (c)     Plaintiff acknowledges and warrants that, except as explicitly provided in this Wage Claims Settlement Agreement, he is entitled to no additional payments of any type, including but not limited to wages, overtime, vacation, compensation, severance, or sick days.

      4.     **Taxes on the Wage Claims Settlement Amount**. Plaintiff shall be responsible for his portion of any and all federal, state or local taxes payable on the Wage Claims Settlement Amount. Plaintiff will indemnify and hold Defendants harmless for any tax liabilities as a result of any failure by Plaintiff to pay taxes he owes as a result of the settlement.

      5.     **Scope of Released Claims.** Upon entry of the Final Order of Dismissal approving the terms of this Wage Claims Settlement Agreement, as set forth in paragraph 2 above, and except as to such rights or claims as may be created by this Wage Claims Settlement Agreement, Plaintiff, on behalf of himself, his heirs, estates, executors, administrators, assigns, transferees and representatives (each, a "Releasor"), and in consideration of the Wage Claims Settlement Amount, hereby releases and forever discharges Defendants and any affiliated entities, their heirs, estates, executors, administrators, assigns, transferees, representatives, attorneys, accountants, agents, and current and former employees (each, a "Releasee") from any and all claims, causes of actions, demands, debts, obligations, damages or liability of any nature whatsoever, known or unknown, concerning the Wage Claims. The claims and causes of action released under this Wage Claims Settlement Agreement expressly include, but are not limited to, all claims of any kind Plaintiff asserted or could have asserted in the Complaint arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and/or the New York Labor Law §§ 663.1 et seq. and New York Code, Rules and Regulations §§ 142-2.1 and 142-2.2 et seq., the New York Minimum Wage Act, the New York Wage Theft Protection Act or any other provision of the New York Labor Law. These released claims include, but are not limited to, all claims for compensation, including but not limited to wages,

bonuses, commissions, benefits or fringe benefits, severance or termination pay, reimbursement of any kind, attorneys' fees or costs, punitive damages, liquidated damages, and/or penalties.

      6.    **Stipulation of Dismissal**.  The Parties shall enter into a Stipulation of Dismissal with Prejudice of the Action, pursuant to Rule 41 of the Federal Rules of Civil Procedure, in the form annexed hereto as Exhibit "A" (the "Stipulation of Dismissal").

      7.    **No Other Entitlements**.  Plaintiff agrees that as a consequence of this Wage Claims Settlement Agreement, he has received all compensation, wages and benefits to which he is entitled and that no leave, compensation, wages or benefits are due to his.  Plaintiff confirms that he is not entitled to any additional money, relief or recovery whatsoever.

      8.    **No Admission of Liability**.  This Wage Claims Settlement Agreement is not and shall not in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of Defendants, nor of any violation of any federal, state or municipal statute, regulation, or principle of common law or equity, and Defendants expressly deny any wrongdoing or liability.  Rather, this Wage Claims Settlement Agreement constitutes the good faith settlement and release of disputed claims and is being entered into by the parties solely to avoid the burden, expense, delay and uncertainties of further litigation.

      9.    **No Disparagement.**  The Parties agree that they shall not make any statement or issue any communications, written or otherwise, that disparages, defames or demeans, criticizes or otherwise reflects adversely on any other Party, to the press, the media or the public generally, or to any current, former or prospective employee of Defendants. Nothing in this provision shall be interpreted to prohibit the Parties from making truthful statements regarding this Action.

      10.    **No Modification Absent Court Order**.  Once approved by the Court, this Wage Claims Settlement Agreement may not be changed except by Order of the Court.

      11.    **Negotiated Wage Claims Settlement Agreement and Construction**.  This Wage Claims Settlement Agreement is the product of negotiations among the Parties and therefore, the terms and conditions of this Wage Claims Settlement Agreement are not intended to be, and shall not be, construed against any party as draftsman.

      12.    **Entire Agreement.**  This Wage Claims Settlement Agreement contains the entire agreement and complete settlement among the Parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral.

      13.    **Section Headings.**  Section headings are used herein for reference only and do not affect the meaning of any provision of this Wage Claims Settlement Agreement.

      14.    **Governing Law**.  This Wage Claims Settlement Agreement shall be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

      15.    **Continuing Jurisdiction**.  The parties shall request that the Court retain jurisdiction over the interpretation and enforcement of this Wage Claims Settlement Agreement.

2453124v1

16. **Prevailing Party.** The Parties agree that in any action resulting from a breach of this Agreement, the prevailing party in such an action will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any determined award.

17. **Voluntariness of Agreement**.

(a) Plaintiff acknowledges and agrees that he has been advised to consult with an attorney of his choice, and that he has been given a reasonable and sufficient period of time in which to do so and has done so with his attorney, Galen C. Baynes, Esq. of the Pechman Law Group, PLLC. Plaintiff further represents that he has been given reasonable and sufficient time to consider this document and that he has done so. Plaintiff confirms that he understands the meaning and preclusive effect of this Wage Claims Settlement Agreement.

(b) Plaintiff agrees that he has read this Wage Claims Settlement Agreement, fully understand all of its terms intending to waive, settle and release all wage claims that he has or might have had against Defendants and has voluntarily agreed to it, signing it of his own free will.

18. **Reconocimiento en Español (Spanish Acknowledgment).** El Demandante representa que su idioma materno es el español y que un abogado de Pechman Law Group PLLC ha repasado todos los términos de este Acuerdo con él en español. El Demandante ha entendido todos los términos de este Acuerdo, y los acepta voluntariamente al firmar el Acuerdo. (Plaintiff represents that his primary language is Spanish and that an Attorney of the Pechman Law Group PLLC has reviewed all terms of this Agreement with him in Spanish. Plaintiff has fully understood all terms of this Agreement and voluntarily accepts them by signing below.)

19. **Counterparts**. Any signature made and transmitted by email or facsimile for purpose of executing this Wage Claims Settlement Agreement shall be deemed to be an original signature and shall be binding upon the party who transmits the signature page by email or facsimile. Electronic signatures, including signatures using a program such as DocuSign, are acceptable as physical signatures.

**IN WITNESS WHEREOF**, the Parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth below.

Dated: 12/24/2020

Lucas Cruz

Dated: December 28, 2020

Alfredo Angueira, Jr., Owner
Harlem Group DR. Corp. d/b/a Bronx Drafthouse

Dated: December 28, 2020

Ramon Martinez, Owner
Harlem Group DR. Corp. d/b/a Bronx Drafthouse

2453124v1

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUCAS CRUZ,                                                       :
                                                                  :
                              Plaintiff,                          :
                                                                  :        1:20-cv-5734 (DF)
            -against-                                             :
                                                                  :
                                                                  :
HARLEM GROUP DR CORP. d/b/a BRONX                                 :
DRAFTHOUSE, ALFREDO ANGUEIRA JR., and                             :
RAMON MARTINEZ,                                                   :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
```

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on July 23, 2020, Lucas Cruz ("Plaintiff") filed a Complaint asserting claims for, *inter alia*, failure to pay wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190 *et seq.* ("NYLL") against Harlem Group DR Corp. d/b/a Bronx Drafthouse, Alfredo Angueira Jr., and Ramon Martinez ("Defendants");

**WHEREAS,** Plaintiff and Defendants (the "Parties") reached a settlement of this action and Plaintiff's claims through arms-length negotiations, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the Parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the NYLL, and/or time worked; and

7

2453124v1

WHEREAS, nothing contained in the Agreement shall be construed as an admission by the Defendants (or any person or entity acting on their behalf) of any liability or any act of wrongdoing whatsoever; and

WHEREAS, this Court incorporated all terms of the Parties' Agreement into this Order by reference and shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York
December 23, 2020

| PECHMAN LAW GROUP PLLC | MORITT, HOCK, & HAMROFF, LLP |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

By: /s/ Louis Pechman
Louis Pechman, Esq.
Galen C. Baynes, Esq.
488 Madison Avenue, 17th Floor
New York, NY 10022
Tel.: (212) 583–9500

By: /s/ A. Jonathan Trafimow
A. Jonathan Trafimow, Esq.
Jennifer Calamia, Esq.
400 Garden City Plaza
Garden City, New York 11530
Tel.: (516) 873-2000

**SO ORDERED**.

_____
Hon. Debra Freeman
United States Magistrate Judge